444 A.2d 1297

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Craig TANN.**

Superior Court of Pennsylvania.

Argued Feb. 3, 1982.

Filed April 30, 1982.

506

Sarah B. Vandenbraak, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Mary Willmann, Assistant Public Defender, Philadelphia, for appellee.

Before WICKERSHAM, ROWLEY and McEWEN, JJ.

ROWLEY, Judge:

The Commonwealth appeals from an order denying its Petition to Extend the time for trial under Pa.R.Crim.P. 1100 and discharging appellee.

A complaint was filed against appellee on October 15, 1980. Therefore, the period for trial under Rule 1100 was due to expire on April 13, 1981, one hundred and eighty days later. Trial was scheduled for April 7, 1981. The night before the trial, the prosecutor called the home of the sixteen-year-old victim, who had been subpoenaed, to remind

him of his obligation to be present in court the next day. At that time, the prosecutor was advised by the victim's mother that he would not attend court the next day because of a high school mid-term examination. The victim later testified that he believed he would jeopardize his high school graduation if he missed this examination. On April 10, 1981, the Commonwealth filed a timely petition to extend the time for trial under Rule 1100. An evidentiary hearing was held on June 9, 1981, before the Honorable Matthew W. Bullock, Jr., who found that the Commonwealth had failed to exercise the due diligence required by Rule 1100. The Commonwealth's Petition to Extend was denied and appellee's Motion to Dismiss was granted.

We have concluded that the Commonwealth's Petition to Extend was necessitated by the unavoidable unavailability of the victim even though the Commonwealth made diligent efforts to secure the victim's presence at trial. Therefore, we reverse the orders of the lower court.

In *Commonwealth v. Sharp*, 287 Pa.Superior Ct. 314, 430 A.2d 302 (1981), the Court held that the Commonwealth was entitled to a Rule 1100 extension where its reasonable efforts to secure a witness's presence at trial were thwarted by the witness's decision not to appear for wholly personal reasons. *See also Commonwealth v. Sinor*, 264 Pa.Superior Ct. 178, 184 n. 5, 399 A.2d 724, 727 n. 5. In this case, the victim was properly subpoenaed. His decision not to appear was totally beyond the control of the Commonwealth.

The lower court concluded that the Commonwealth failed to exercise due diligence on the ground that it should have negotiated with the victim's family and school to make alternative arrangements for the examination. In determining whether due diligence has been exercised in trying to secure the presence of a witness, the court should not second-guess the methods used by the Commonwealth. *Commonwealth v. Long*, 288 Pa.Superior Ct. 414, 432 A.2d 228 (1981). As long as the Commonwealth has acted reasonably in light of the circumstances at the time, it has acted with due diligence "even if it appears in hindsight that there

were other, possibly more desirable or efficacious methods that might have been tried." *Id.*, 288 Pa.Superior Ct. 419, 432 A.2d at 231. Here, the Commonwealth did not discover that its witness would not appear until the night before the trial date, only three days before the period for trial under Rule 1100 would expire. Under these circumstances, the Commonwealth acted reasonably in requesting an extension. To require the Commonwealth to negotiate with the victim's family and school officials, even if it were possible to do so on such short notice, would be unrealistic in view of the Commonwealth's limited prosecutorial resources.

Appellee argues that the victim had already failed to appear twice before the trial date; once for a preliminary hearing listing and once for a lineup. It is true that the victim failed to appear for a preliminary hearing listing on October 27, 1980. However, while a witness's previous failure to appear for scheduled trial dates may be relevant in determining the reasonableness of the Commonwealth's efforts to secure his presence for trial, the Commonwealth does not have to prove due diligence in trying to secure the witness's appearance on a prior date for which it did not seek a Rule 1100 extension. *Commonwealth v. Sharp*, 287 Pa.Superior Ct. at 318 n. *, 430 A.2d at 304 n. *. As to the victim's failure to appear for a lineup on November 5, 1980, the Commonwealth contends that the order received by the victim directed him to appear on November 9, 1980. A review of the record shows that the date on the order in question is not clearly written and could easily be interpreted as a "9" rather than a "5". Therefore, the victim's failure to appear for this lineup was excusable. Furthermore, the victim appeared for all other court dates prior to April 7, 1981; specifically, (1) the preliminary hearing listed on November 18, 1980, (2) the lineup on December 10, 1980, (3) the preliminary hearing listed on December 15, 1980, (4) the lineup on December 21, 1980, and (5) the preliminary hearing on January 12, 1981.

The Orders denying the Commonwealth's Petitions, granting appellee's Petition and discharging appellee are reversed and case remanded for trial.