449 A.2d 35

COMMONWEALTH of Pennsylvania, Appellant,

v.

William J. REIHART.

Superior Court of Pennsylvania.

Submitted March 24, 1982.

Filed Aug. 6, 1982.

Petition for Allowance of Appeal Denied Nov. 15, 1982.

David W. Rahauser, Assistant District Attorney, Chambersburg, for Commonwealth, appellant.

Deborah K. Hoff, Assistant Public Defender, Chambersburg, for appellee.

Before WICKERSHAM, ROWLEY and WATKINS, JJ.

WICKERSHAM, Judge:

This is a criminal case in which the Commonwealth appeals from a lower court order dismissing the charges against appellee Reihart pursuant to Pa.R.Crim.P. 1100. A criminal complaint charging Reihart with homicide by vehicle and involuntary manslaughter was issued on August 20, 1980. A preliminary hearing was scheduled for September 12, 1980, however, a Commonwealth witness, Mark Long, was seriously ill; the hearing was continued until January 27, 1981, at which time a *prima facie* case was established without the testimony of Mr. Long, who was still ill. Reihart entered a plea of not guilty to the charges on February 4, 1981. On February 6, 1981, the Commonwealth filed a petition for trial on a date certain, specifically February 16, 1981, as that was the 180th day from the filing of the complaint. On February 10, 1981, the lower court denied

the petition. The Commonwealth then filed a petition for the extension of time for commencement of trial on February 11, 1981; this petition was dismissed on February 13, 1981. On March 6, 1981 Reihart filed an omnibus pretrial motion which included a motion to dismiss in accordance with Pa.R.Crim.P. 1100. The charges against Reihart were dismissed by the lower court on March 6, 1981 pursuant to Pa.R.Crim.P. 1100. The Commonwealth then filed the present appeal.

The Commonwealth frames the issue involved as follows:

Did the honorable court err in dismissing the charges against the defendant for failing to arraign the appellant 150 days from the filing of the original charges?

Brief for Appellant at 4.

Pa.R.Crim.P. 1100 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. So long as there has been no misconduct on part of the Commonwealth in an effort to evade an accused's speedy trial rights, Rule 1100 must be construed in a manner consistent with society's right to punish and deter crime. *Commonwealth v. Genovese*, 493 Pa. 65, 425 A.2d 367 (1981). As long as the Commonwealth acts reasonably in its attempts to secure an absent witness, it shall be deemed to have acted with due diligence with respect to Pa.R.Crim.P. 1100. *Commonwealth v. Long*, 288 Pa.Super. 414, 432 A.2d 228 (1981).

Instantly, there is no allegation by Reihart that the Commonwealth engaged in any misconduct in an effort to evade the mandates of Pa.R.Crim.P. 1100. The Commonwealth stated in its petition for extension of time for the commencement of trial that Mark Long, a witness considered crucial to the prosecution of this matter, was seriously ill with an as yet undiagnosed illness and that he consequently was unable to testify. The Commonwealth was acting reasonably, and with due diligence, in its attempt to secure the testimony of Mr. Long, however, the serious nature of his illness precluded him from testifying. The

superior court considered a similar situation in *Commonwealth v. Thompson*, 292 Pa.Super. 108, 436 A.2d 1028 (1981), and stated that the period of time for commencement of trial pursuant to Pa.R.Crim.P. 1100 "was extended because the Commonwealth witness was hospitalized. An extension may be granted under such circumstances because that situation was beyond the Commonwealth's control. The unavailability of the Commonwealth's witness occurred despite its due diligence." *Id.*, 292 Pa.Superior at 111, 436 A.2d at 1030.

We conclude that the Commonwealth acted reasonably and with due diligence considering the factual situation presented; accordingly we find that the Commonwealth's petition for the extension of time to commence trial should have been granted.

The order dismissing the charges against appellee Reihart is reversed and the case is remanded for further proceedings consistent with this opinion.