459 A.2d 1285

**COMMONWEALTH of Pennsylvania**

v.

**Kenneth S. WARREN, Appellant.**

Superior Court of Pennsylvania.

Argued June 16, 1982.

Filed May 6, 1983.

Brosky, J., concurred in result.

392

John Woodcock, Jr., Public Defender, Hollidaysburg, for appellant.

Oliver Ebner J. Mattas, Jr., District Attorney, Hollidaysburg, for Commonwealth, appellee.

Before BROSKY, JOHNSON and MONTGOMERY, JJ.

JOHNSON, Judge:

This appeal arises from appellant's convictions for involuntary manslaughter[1] and driving under the influence of alcohol.[2] Sentence for involuntary manslaughter was for two to four years imprisonment and a $1,000 fine. Sentence for driving under the influence was for six to twelve months imprisonment and a $200 fine.

The charges were brought as a result of an automobile collision between appellant's vehicle and a second vehicle on a mountainous stretch of road known as Devil's Elbow near Altoona, Pennsylvania on August 28, 1978. As a result of the collision, two occupants of the other vehicle were killed. Immediately prior to the collision, appellant was observed driving in an erratic manner, criss-crossing the highway.

1. 18 Pa.C.S.A. § 2504.

2. 75 Pa.C.S.A. § 3731. Appellant was also convicted of two summary motor vehicle code violations, which sentences were suspended.

The administration of a breathalyzer test indicated appellant's blood-alcohol level exceeded the legal limit.

Appellant raises five issues on appeal, namely whether the trial court erred: (1) in its charge regarding credibility, (2) in its charge by allegedly referring to the defense testimony as circumstantial, (3) in its charge by unfairly emphasizing the Commonwealth's evidence and downgrading the defense evidence, thereby permitting a verdict based on insufficient evidence, (4) in permitting the admission of an allegedly inflammatory and prejudicial photograph, and (5) in granting the Commonwealth's request for extension of the time for trial pursuant to Pa.R.Crim.P. 1100 (Rule 1100).

## I.—III.

■ Appellant alleges various errors concerning the trial court's charge to the jury. We note that in reviewing a jury charge for prejudicial and reversible error, this court must view the charge as a whole for its general effect and not consider isolated excerpts. *Commonwealth v. Vernille*, 275 Pa.Super. 263, 418 A.2d 713 (1980). Reviewing the charge in this light, we find no error by the trial court.

■ Our review of the charge on credibility indicates that it was proper and was not unfair when viewed as a whole.

■ After the initial charge to the jury, the trial court clarified its charge upon the request of appellant to indicate that it did not intend to indicate that the defense testimony was solely circumstantial. This additional charge made harmless any error in the court's original charge.

■ Our review of the charge with respect to appellant's third issue fails to disclose any unfairness in the court's emphasis of the evidence. Viewing the evidence in the light most favorable to the Commonwealth, *Commonwealth v. Parker*, 494 Pa. 196, 431 A.2d 216 (1981), it is clear that sufficient evidence had been presented to support the jury verdict.

## IV.

■ Appellant's fourth issue concerns the admission of an allegedly inflammatory photograph at trial. However, appellant's objection was to the photograph's status as a duplication only. Therefore, the issue has been waived.[3] *See Martin v. Soblotney,* 296 Pa.Super. 145, 442 A.2d 700 (1982) (where reason for objection is specifically stated, all other reasons for exclusions are waived).

## V.

Appellant argues that the trial court erred in granting the Commonwealth's petition for extension under Rule 1100 because no testimony was taken to support the extension and therefore, appellant was not brought to trial within 180 days as required by section (a)(2) of the Rule.

The record indicates that a complaint was filed on August 29, 1978 for driving under the influence. A second complaint was filed September 8, 1978 containing the charges of involuntary manslaughter, homicide by vehicle and the summary vehicle code offenses. The Rule 1100 run date was February 26, 1979,[4] regarding the filing of the first complaint.

The Commonwealth argues that the run date was March 8, 1979,[5] 181 days from the filing of the second of the two complaints. We disagree.

■ The speedy trial rule contemplates commencement of the running of the mandatory period at the point criminal proceedings are initiated. *Commonwealth v. Mitchell,* 472 Pa. 553, 372 A.2d 826 (1977). Therefore, when a complaint

---

**3.** We note that appellant in his brief states that a proper objection was made; however, appellant has failed to indicate where such an objection was made, in violation of Pa.R.A.P. 2119(e). In any event, our review of the record fails to disclose an objection relating to the alleged inflammatory nature of the photograph.

**4.** February 25, 1979, the 180th day, was a Sunday, therefore the 26th becomes the final date for trial.

**5.** The correct run date from the filing of the second complaint would have been March 7, not March 8, 1979.

is presented to a court, the Rule 1100 period begins to run. *Commonwealth v. Thomas*, 266 Pa.Super. 381, 404 A.2d 1340 (1979), *petition for allowance of appeal denied.*

■ Furthermore, we agree with the discussion of this issue as found in *Commonwealth v. Earp*, 476 Pa. 369, 373–4, 382 A.2d 1215, 1217 (1978) (per now Chief Justice Roberts, with two Justices concurring and former Chief Justice Eagen concurring in the result):

Accordingly, we have held that Rule 1100(a)(2) "contemplates the commencement of the running of the mandatory period at the point criminal proceedings are initiated." *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826, 829 (1977). Moreover, our Rules provide that all charges arising out of a criminal transaction shall be treated as a single case:

"When more than one offense is alleged to have been committed by one person arising out of the same incident, the issuing authority shall accept only one complaint, and shall docket the matter as a single case."

Pa.R.Crim.P. 131(b).

*Earp* then held that the 180 day period begins to run on all charges arising out of a criminal transaction upon the initiation of proceedings charging defendant with any offense involved in that transaction.

We note that the facts in the instant case differ markedly from those cases where the initial complaint filed is dismissed in its entirety and a second complaint subsequently filed. *See Commonwealth v. Finfrock*, 257 Pa.Super. 555, 391 A.2d 621 (1978).

All charges brought against appellant in the instant case arose out of a single incident, namely the collision. Therefore, those charges should have been brought in a single complaint. Pa.R.Crim.P. 131(b). Although two complaints were filed, each containing different charges, the filing of the first complaint commenced the 180 day period.

Trial was scheduled for February 8, 1979. However, pursuant to original defense counsel's petition to withdraw,

filed January 22, 1979, the trial court entered an order dated February 8, 1979 permitting trial counsel to withdraw and extending the time for trial to April 13, 1979, stating that this extension was made with appellant's consent. On February 16, 1979, the public defender's office entered an appearance for appellant. The Commonwealth filed its petition for an extension of time for trial on February 22, 1979. Appellant's motion to dismiss was filed March 8, 1979.

The hearing on the Commonwealth's extension petition was held March 15, 1979. At that hearing, the Commonwealth reiterated the allegations in its petition which stated that trial could not be brought within 180 days because of original defense counsel's withdrawal on the date of trial. The Commonwealth's attorney also requested the court to take judicial notice of the procedural history of appellant's case. Finally, the Commonwealth's attorney stated that because of trial counsel's withdrawal, "... there was no way conceivably possible for the District Attorney's Office to bring the matter on for trial during the January term [6] of trial court."

The trial court then issued an order dated March 15, 1979 denying appellant's motion to dismiss and granting the Commonwealth's petition for extension, extending the trial date to April 13, 1979.

Appellant was brought to trial April 2, 1979 and after a mistrial, retried and convicted in June of 1979.

At the conclusion of the March 15 hearing, counsel for appellant stated:

BY THE COURT:

Mr. Wall, any statement you want to make for the record?

BY MR. WALL: (counsel for appellant)

Only based on the allegations the District Attorney has made and the fact that we have an application received

---

6. The reference to January term apparently refers to the February trial list.

from this individual on February 8, 1979, which would be consistent with those allegations; I would feel that there's no further motion by this office to dismiss this action.

We note that the motion to dismiss merely alleged that Appellant had not been brought to trial within 180 days. That portion of the hearing transcript quoted above does not indicate any argument in support of appellant's motion; on the contrary, it indicates that the motion to dismiss was either withdrawn or abandoned at that time. To be preserved for review, an issue must not only be raised by post-trial motion, but also, not abandoned when the case is argued to the trial court. *Commonwealth v. Urbina*, 290 Pa.Super. 117, 434 A.2d 157 (1981). *See also Commonwealth v. Johnson*, 450 Pa. 575, 301 A.2d 632 (1973) (issue based on objection withdrawn by defense counsel at trial cannot be raised later on appeal).

Therefore, this issue has been waived.

Judgment of sentence is affirmed.

BROSKY, J., concurs in the result.