499 A.2d 381

**COMMONWEALTH of Pennsylvania**

v.

**Anna HOLLINGSWORTH, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 1, 1984.

Filed Sept. 20, 1985.

Nicholas J. Caniglia, Wayne, for appellant.

Helen Kane, Assistant District Attorney, Media, for Commonwealth, appellee.

Before SPAETH, President Judge, and CAVANAUGH, WIEAND, McEWEN, CIRILLO, DEL SOLE, JOHNSON, POPOVICH and CERCONE *, JJ.

CIRILLO, Judge:**

This case raises an issue concerning the Commonwealth's burden of proof on a petition for an extension of time to commence trial under Pennsylvania's speedy trial rule, Pa. R.Crim.P. 1100.

The appellant, Anna Hollingsworth, was tried by jury and convicted of maintaining lotteries and premises for illegal gambling, 18 Pa.C.S. §§ 5512, 5513. On appeal to this Court, a divided three-judge panel held that the Commonwealth had failed to prove its entitlement to an extension under Rule 1100(c), and therefore that the defendant's right to a speedy trial had been violated; the panel ordered the defendant discharged. The Commonwealth petitioned for reargument, which the Court en banc granted. We now affirm the judgment entered in the trial court.

A criminal complaint against Hollingsworth was filed on November 12, 1980. Under Rule 1100(a)(2), the 180-day rule, the Commonwealth therefore had until May 11, 1981 to bring the defendant to trial. On April 9, 1981, the Commonwealth filed an application under Rule 1100(c) to extend time for commencement of trial, alleging seven grounds in support of its request. A hearing was set for May 11, the Rule 1100 run date. On that day, the Commonwealth amended its petition to include as a reason for the extension that: "On May 11, 1981 the Commonwealth's expert witness will be unavailable for a period of 2 weeks due to his attendance at Drug Enforcement School sponsored by the Department of Justice." At the hearing, the attorney for the Commonwealth stated:

* Judge CERCONE did not participate in the final disposition of this case.

** The task of preparing an opinion announcing the judgment of the Court devolved upon this writer on May 20, 1985.

I was also informed, Your Honor, last week that one of the Commonwealth's necessary witnesses, in the event the case did go to jury trial today, is unavailable for the next two weeks because he is involved in drug enforcement school sponsored by the Department of Justice.

. . . .

... In light of the fact that Sergeant Conway is unavailable as a Commonwealth witness today, I filed an amendment to the Petition setting forth the reasons why we are asking for the extension and I would hand that to the Court, a copy of which [sic] has already been presented to Mr. Breen.

Mr. Breen (the defendant's attorney) responded to the Commonwealth's presentation as follows:

It would be our position that the District Attorney's Office has not exercised due diligence in trying to bring this case to trial to this date....

. . . .

Our position is, Your Honor, that a mere assertion that due diligence was exercised is insufficient to allow for the granting of extension of time. If there was a showing, more extensive showing, that this case could not have been brought before the Court, then possibly our position would alter, but I don't believe on the face of what the District Attorney has presented today that an extension has been shown to be necessary.

Neither party offered testimony in support of its position. At the conclusion of the hearing, the court granted an extension through July 6, 1981 "because of the unavailability of Commonwealth witnesses [sic]".

We must now determine whether the court properly granted the extension without requiring actual testimony as to the absence of the Commonwealth's witness.

In reviewing the propriety of an extension order, this Court is guided by our Supreme Court's pronouncement in *Commonwealth v. Mayfield*, 469 Pa. 214, 222, 364 A.2d 1345, 1349–50 (1976):

Henceforth, the trial court may grant an extension under rule 1100(c) only upon a record showing: (1) the "due diligence" of the prosecution, and (2) certification that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided.

At issue is the first requirement under *Mayfield*, namely the "due diligence" of the prosecution.

The burden of proving prosecutorial due diligence rests on the Commonwealth under the standard set out in *Commonwealth v. Ehredt*, 485 Pa. 191, 194, 195–96, 401 A.2d 358, 360–61 (1979):

The Commonwealth has the burden, by a preponderance of the evidence, of showing it has met the requirements of Rule 1100(c). Cf. *Commonwealth v. Wade*, 475 Pa. 399, 380 A.2d 782 (1977); *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977). Furthermore, in reviewing a hearing court's ruling that the Commonwealth has met its burden, we consider only the evidence presented by the Commonwealth and so much evidence, as fairly read in the context of the record as a whole, remains uncontradicted. See *Commonwealth v. Mitchell*, supra.

. . . .

Although the preponderance standard is the least burdensome standard of proof known to the law, *Commonwealth v. Mitchell*, supra, a bare statement by the Commonwealth's attorney that several witnesses are "unavailable," without more, does not establish "due diligence" within that standard. While the unavailability of a witness may be a relevant factor in determining whether an extension should be granted, see *Commonwealth v. Brown*, 252 Pa.Super. 365, 381 A.2d 961 (1977), "[m]ere assertions of due diligence and unproven facts, do not establish cause for an extension under Rule 1100(c)."

*Commonwealth v. Antonuccio,* 257 Pa.Super. 535, 537, 390 A.2d 1366, 1367 (1978).

(Footnotes omitted).

Relying on *Ehredt* and its progeny, appellant submits that the district attorney's representation at the extension hearing that a necessary witness would be absent for two weeks was a "bare statement" and "mere unproven assertion," so that the Commonwealth failed to carry its burden of making a "record showing" of its entitlement to a Rule 1100 extension.

■ Insofar as appellant's argument can be distilled to the claim that the Commonwealth had to support its "mere assertion" of witness availability with actual testimony, we believe she is missing an important qualification to the general rule of *Ehredt*: strict standards of proof apply only to facts which are legitimately in dispute. A formal presentation of "evidence" under the *Ehredt* standard was required only if the defendant actually challenged the factual accuracy of the district attorney's report that the witness was unavoidably absent. It is apparent from the record that the defendant did not contest this fact, but rather contended generally that the allegations advanced by the Commonwealth were insufficient as a matter of law to prove due diligence. Insofar as this is the argument advanced on appeal, it is plainly meritless.

In reaching our conclusion, we have extensively reviewed and considered our own prior decisions interpreting the evidentiary requirements of Rule 1100(c). However, first and foremost, the polestar in our decision of this case has been the dictates of our Supreme Court in *Commonwealth v. Genovese,* 493 Pa. 65, 69–70, 72, 425 A.2d 367, 369–70, 371 (1981):

Rule 1100 "serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society," *Commonwealth v. Brocklehurst,* 491 Pa. 151, 153–54, 420 A.2d 385, 387 (1980); *Commonwealth v. Hamilton,* 449 Pa. 297, 297 A.2d 127 (1972). In determining whether an accused's right to a

speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. *Commonwealth v. Johnson,* 487 Pa. 197, n. 4, 409 A.2d 308, n. 4 (1980). The administrative mandate of Rule 1100 certainly was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

. . . .

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 1100 must be construed in a manner consistent with society's right to punish and deter crime. In considering matters such as that now before us, courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well. Strained and illogical judicial construction adds nothing to our search for justice, but only serves to expand the already bloated arsenal of the unscrupulous criminal determined to manipulate the system. . . .

*See also Commonwealth v. Crowley,* 502 Pa. 393, 466 A.2d 1009 (1983).

In applying these pronouncements to the case before us, two things clearly stand out: first, there was no attempt on the part of the Commonwealth to evade the 180-day mandate of Rule 1100; and second, on the contrary, it is obvious that the Commonwealth's good faith efforts to try the defendant within the appropriate period were frustrated at the last minute by the unanticipated absence of a principal witness.

In its original application for the extension, the Commonwealth recited seven allegations to support a finding that it had proceeded with due diligence to try this case before the run date: (1) the defendant was arrested on 11/12/80 and applied for public defender representation; the public de-

fender was appointed to represent the defendant and several co-defendants for a preliminary hearing on 11/24/80; (2) the defendant was arraigned on 12/12/80 after appearing late for arraignment on 12/11/80; (3) due to conflicts of interest in public defender representation the court appointed John Breen as counsel for the defendant on 1/30/81; (4) new counsel filed a petition for leave to file pre-trial motions nunc pro tunc and the petition was granted 2/12/81; (5) pre-trial motions were heard 3/23/81 with a decision on the motions held in abeyance; (6) when the case was called for jury trial on 3/30/81 counsel advised the court that the defendant was in the hospital and wouldn't be available till later that week; due to higher priority matters the case was carried over to the next week; (7) on 4/6/81 the court continued the trial to 5/11/81 because of higher priority matters that had to be tried first and because the defendant had to appear in another courtroom to have a governor's warrant from the State of Delaware served on her. Of course, the Commonwealth's allegation of these facts in its petition did not immediately establish them as true. However, we note that despite the passage of a month's time between receipt of this application and the Rule 1100 hearing, the defendant filed no answer of record denying the truth or relevance of any of the Commonwealth's allegations.

On the May 11 hearing date (also the run date and scheduled trial date), the Commonwealth supplemented its petition with the new allegation that it had recently learned that Sergeant Conway, a necessary witness for the prosecution, would be attending drug enforcement school and hence would be unavailable for the next two weeks. The amendment to the petition also set forth that the Commonwealth had requested no prior continuances or extensions in the case. Of course, up to that time the defendant had not had an opportunity to deny these latest allegations. However, the hearing itself was her chance to do so, and our searching review of the record of that hearing fails to reveal any point at which the defendant or her attorney questioned the

factual validity of the Commonwealth's claim that the Sergeant was attending drug school and would be unavailable for two weeks. Instead, the defense attorney for the first time attacked some of the allegations contained in the original extension application. Specifically, he disavowed any knowledge of a prior conflict in defense representation, and denied the existence of any defense delay in the case except for "one day" when Hollingsworth was hospitalized and unable to come to trial. Nowhere did the defense make any comment on the absence of the Commonwealth's witness. After concluding brief statements on the Commonwealth's allegations, the attorneys for the Commonwealth and defense simply put forth their respective legal conclusions on whether the allegations were sufficient to establish due diligence. The court then found due diligence based on witness unavailability and granted the extension to 7/6/81, certifying that as the earliest date consistent with court business, with a "satisfactory backup" for a trial date of June 29.

 It is well settled that an extension under Rule 1100(c) is properly granted where delay in the commencement of trial is caused by the unavailability of a witness resulting through no fault of the Commonwealth. *Commonwealth v. Lafty,* 333 Pa.Super. 428, 482 A.2d 643 (1984) (en banc); *Commonwealth v. Bright,* 303 Pa.Super. 98, 449 A.2d 596 (1982); *Commonwealth v. Thompson,* 292 Pa.Super. 108, 436 A.2d 1028 (1981). When witnesses become unavailable toward the end of the Rule 1100 time period—whether through vacation, illness, or other reasons not within the Commonwealth's control—the Commonwealth is prevented from commencing trial within the requisite period despite its due diligence and an extension of time is warranted. *Commonwealth v. Donaldson,* 334 Pa.Super. 473, 483 A.2d 549 (1984) (en banc) (allocatur granted); *Lafty, supra; Bright, supra; Commonwealth v. Sharp,* 287 Pa. Super. 314, 430 A.2d 302 (1981) (allocatur denied). Additionally, we have recognized that defense-caused delays may realistically obstruct diligent efforts by the Commonwealth

to try an accused within the 180-day period, and therefore may help to justify a Rule 1100(c) extension. *Commonwealth v. Selig,* 317 Pa.Super. 533, 464 A.2d 450 (1983); *Commonwealth v. Colon,* 317 Pa.Super. 412, 464 A.2d 388 (1983); *Bright, supra; Commonwealth v. Hill,* 290 Pa.Super. 399, 434 A.2d 813 (1981); *Commonwealth v. Brant,* 272 Pa.Super. 135, 414 A.2d 707 (1979) (allocatur denied); *Commonwealth v. Brown,* 252 Pa.Super. 365, 381 A.2d 961 (1977). The fact that a pre-trial defense motion remains outstanding on or near the run date also is a relevant factor in considering the Commonwealth's due diligence. *See Commonwealth v. Bulling,* 331 Pa.Super. 84, 480 A.2d 254 (1984); *see also Commonwealth v. Shelton,* 469 Pa. 8, 364 A.2d 694 (1976). We have also determined that in seeking an extension the Commonwealth need not prove its due diligence throughout the entire 180-day period; rather, the relevant inquiry is whether the Commonwealth demonstrates due diligence at the last listing before the run date at which the defendant could not be brought to trial. *Commonwealth v. Burke,* 344 Pa.Super. 288, 496 A.2d 799 (1985); *Bulling; see Commonwealth v. Suggs,* 289 Pa.Super. 44, 432 A.2d 1042 (1981) (last criminal term of court); *see also Commonwealth v. Terfinko,* 504 Pa. 385, 474 A.2d 275 (1984) (court acts incorrectly in separately metering each step in the pre-trial process against the due diligence standard); *Commonwealth v. Jones,* 314 Pa.Super. 515, 461 A.2d 276 (1983) (Opinion by Wieand, J.) (Rule 1100 does not require trial in something less than 180 days).

Given that all the factors just mentioned could be found to exist in this case, it is clear that the Commonwealth was entitled to the extension it sought if we accept at face value the allegations in its petition, especially those concerning Sergeant Conway's absence.

Following *Ehredt,* our Court has held that bald assertions of witness unavailability do not suffice, and that the Commonwealth must generally provide *evidence* of the facts supporting its request for an extension. *See Commonwealth v. Kite,* 321 Pa.Super. 411, 468 A.2d 775 (1983);

*Commonwealth v. Gilliam*, 302 Pa.Super. 50, 448 A.2d 89 (1982); *Commonwealth v. Delpiano*, 290 Pa.Super. 510, 434 A.2d 1260 (1981); *Commonwealth v. Hill, supra; Commonwealth v. McNeill*, 274 Pa.Super. 257, 418 A.2d 394 (1980); *Commonwealth v. Jackson*, 269 Pa.Super. 249, 409 A.2d 873 (1979); *see also Commonwealth v. Lamb*, 309 Pa.Super. 415, 455 A.2d 678 (1983); *Commonwealth v. Antonuccio, supra*. However, as the current President Judge of this Court prophetically observed in *Jackson, supra*, "It is possible that the rules of evidence will not be strictly enforced at a Rule 1100 hearing as they are at trial." 269 Pa.Super. at 253 n. 5, 409 A.2d at 875 n. 5 (Opinion by Spaeth, J.). This view of the less-than-exacting evidentiary requirements of the Rule has proven to be well-founded. A particular example of this phenomenon has surfaced time and again in our case law, and responding to it in numerous decisions this Court has held that a finding of due diligence may be based entirely on judicial notice taken by the hearing court of facts contained in uncontested notations in court records. *Commonwealth v. Bradford*, 339 Pa.Super. 215, 488 A.2d 628 (1985) (detective's illness as a cause of continuance established by uncontested notation in record); *Commonwealth v. Lafty, supra* (extension granted based solely on uncontested notations that complaining witness unavailable on two prior occasions); *Commonwealth v. Bulling, supra* (notation from prior listing that "Arresting officer ill" sufficient to justify second extension); *Commonwealth v. Kite, supra* (extension properly based on notations from four prior listings that continuances necessitated by co-defendants or their counsel); *Commonwealth v. Lewis*, 319 Pa.Super. 33, 465 A.2d 1038 (1983) (court took judicial notice of reasons for various continuances) (Popovich, J., dissented on ground notations were *not* uncontested); *Commonwealth v. Harris*, 315 Pa.Super. 544, 462 A.2d 725 (1983) (en banc) (court properly took judicial notice of uncontested notations in finding prosecution diligent at prior listings); *Commonwealth v. Bright, supra* (Opinion by Wieand, J.) (court relied on notations made at prior listings that complainant

and arresting officer on vacation); *Commonwealth v. Postell,* 280 Pa.Super. 550, 421 A.2d 1069 (1980) (court properly relied on court records to establish reasons for prior continuances); *see also Jackson, supra* (judicial notice of court scheduling difficulties).

Applying the reasoning of these cases to the present situation, we discern no rational basis for distinguishing between a finding of due diligence based on uncontested notations in court records, and a finding of due diligence based on uncontroverted assertions made by the Commonwealth at the Rule 1100 hearing or in its application for the extension.

■ Where the court takes judicial notice of a notation from a prior listing, it is simply relying on an entry made by the judge at that listing that a continuance or other delay occurred for a particular reason—for example, because of the illness of a witness. At no point does the court take testimony to verify that the witness was in fact ill. *See Bradford, supra.* However, absent a challenge to the veracity of the facts recited in the notation, the hearing court may presume that the reasons for the prior continuance were as given therein. *See id.* As Judge Cavanaugh stated in *Kite,* "These are facts of record not mere unproven assertions." 321 Pa.Super. at 417, 468 A.2d at 778 (footnote deleted). Thus, if in this case the Commonwealth had relied exclusively on a court notation to establish Hollingsworth's absence on 3/30/81 and the reasons therefor, those facts would be conclusively proven for purposes of the Rule 1100 hearing, unless the defendant pressed the issue by alleging their falsity.

Similarly, as to the facts which the court actually relied on in granting the extension in this case, there was no testimony, only the good faith assertion of the Commonwealth's attorney that Sergeant Conway was unavailable due to his attendance at drug enforcement school. Had the district attorney made the same representation at a prior listing and a continuance then been granted, Sergeant Conway's unavailability would appear in the record as the

reason for the continuance, and under our case law there would be no question that the hearing court could properly take judicial notice of the prior notation in finding due diligence. *See, e.g., Bright, supra.* Obviously, then, it makes no practical difference whether the hearing court gleans its facts from the uncontested second-hand written notations of a judge, or the uncontested oral statements of a district attorney; in either case the representation of witness unavailability can be given credence, not because it is substantiated by testimony, but because there is no allegation from the defendant's side that it is not true. *Compare Donaldson, supra (contested* notations in district attorney's file incompetent to prove trial listed for earliest date consistent with court's business) *with Commonwealth v. Dancy,* 317 Pa.Super. 578, 464 A.2d 473 (1983) (per McEwen, J.) (*uncontested* testimony by district attorney sufficient to prove same).

In determining that appellant never sought to challenge the veracity of the Commonwealth's crucial allegations, we have relied principally on the fact that appellant did not at the Rule 1100 hearing—and she does not now—maintain that the reasons given for Sergeant Conway's absence were spurious, or that he was in fact available for trial. Rather, her opposition to the extension request then and now amounts to nothing more than a general denial that due diligence was exercised. In effect, she has chosen to meet the Commonwealth's concrete offer of proof with a "bald assertion" of her own. Defense counsel's statement at the extension hearing—that "a mere assertion that due diligence was exercised is insufficient to allow for the granting of extension of time"—may be sound as an abstract proposition of law, but it was completely inadequate to inform the court or prosecutor that the defendant was contesting the Commonwealth's specific factual allegations. Indeed, the statement was no more helpful in framing the factual issues before the court than if counsel had simply announced that the court could not grant a Rule 1100 extension in the absence of due diligence on the part of the

prosecution. If Hollingsworth seriously wished to test the truth or accuracy of the Commonwealth's specific assertion that Sergeant Conway was unavailable owing to his attendance at drug school, then she promptly should have demanded proof and put the district attorney on notice that that fact was indeed in dispute. The district attorney then could have met this challenge by placing herself or a knowledgeable member of the prosecutorial team on the stand to testify to the facts surrounding Sergeant Conway's absence and his importance to the prosecution's case. Had this been done, clearly appellant's present attack on the sufficiency of the grounds for the extension would be baseless. *Cf. Dancy, supra* (extension properly based on district attorney's testimony that bad weather caused witness's absence on trial date).

Just as we do not allow the prosecutor to rely on a pro forma incantation of the phrase "due diligence," *see Antonuccio, supra,* neither can the defendant simply deny "due diligence" generally and expect to prevail when the Commonwealth has offered specific facts to support such a finding. The interests at stake in a Rule 1100 proceeding are far too important to case the onus of both detailed allegation and evidentiary proof on the Commonwealth, while permitting the defendant to remain silent about which if any specific allegations are in issue. We need not go far outside the record of the present case to recognize that in some of our more populous counties Rule 1100 hearings are held at the rate of many per day, and that most of these hearings must be "short and to the point." *See Jackson, supra,* 269 Pa.Super. at 253, 409 A.2d at 875 (Spaeth, J.). To require the Commonwealth to come to each one of these hearings armed with witnesses prepared to testify on every conceivable point bearing on its due diligence, while allowing the defendant to put every fact in issue with a broad denial, would be to allocate the risks and burdens of the Rule 1100 question in a way that is manifestly out of line with the public's need for vigorous and certain law enforcement.

An acknowledgement of the fundamental realities inherent in the Rule 1100 hearing procedure has led this Court steadily toward requiring more of the defendant than a general denial of due diligence. In *Lafty, supra,* this Court en banc treated a general objection to a finding of due diligence as insufficient to controvert the factual accuracy of the specific matters relied on by the hearing court in making its finding. In *Harris, supra,* the Honorable Stephen J. McEwen, Jr., again speaking for a Court en banc, upheld a finding of due diligence based on *uncontested* notations in the court records despite the defendant's general denials of the Commonwealth's allegations:

> The court records in this case reveal that it is beyond dispute that the Commonwealth had exercised due diligence through July 13, 1979, when the case was called for trial before Judge Shiomos, since none of the three continuances through that date were chargeable to the Commonwealth, a fact noted by Judge Blake at the hearing of August 2, 1979. We note that the Commonwealth alleged with regard to that issue, in its petition to extend filed July 17, 1979, that the prosecution had been ready to proceed on the occasion of the three earlier scheduled trial dates and that these allegations were generally denied in the answer of appellant to that petition. We note, as well, that counsel for appellant did not question the specific representation of the Commonwealth. at the extension hearing of August 2, 1979, that it had been ready to proceed to trial on each of the three earlier scheduled trial dates, but, instead, merely expressed a general assertion that the Commonwealth had failed to establish the exercise of due diligence in bringing appellant to trial.

315 Pa.Super. at 552, 462 A.2d at 729–30 (footnote omitted); *see also Kite, supra,* 321 Pa.Super. at 417 n. 4, 468 A.2d at 778 n. 4 ("The record in this matter indicates that Judge Hirsh thoroughly reviewed the notations on the Quarter Sessions file in granting the Commonwealth's extension. Furthermore, *we have determined that there was no actu-*

*al controversy regarding the accuracy of the mentioned notations based upon the text of the extension hearing.")* (emphasis added).

In the *Ehredt* case itself, our Supreme Court ventured: "If a written application were to make factual allegations which an answer thereto admitted, no evidence to prove the allegations would be necessary and the sole issue would be whether the allegations established due diligence." 485 Pa. at 196 n. 8, 401 A.2d at 361 n. 8. *Accord, Jackson, supra.* As President Judge Spaeth further noted in *Lofty, supra,* "The purpose of filing an answer is to put the Commonwealth to its proof." 333 Pa.Super. at 441, 482 A.2d at 649 (Spaeth, P.J., concurring).

█ When *no* answer is filed and the defendant also fails to attend the extension hearing or otherwise contest the Commonwealth's petition, he *waives* the issue of the propriety of the extension. *See Commonwealth v. Taylor,* 473 Pa. 400, 374 A.2d 1274 (1977) (failure to attend hearing despite notification); *Commonwealth v. Cullen,* 340 Pa.Super. 233, 489 A.2d 929 (1985) (petition for allocatur filed) (same); *Commonwealth v. Bulling, supra* (failure to move orally or in writing for dismissal in opposition to Commonwealth's fourth extension request); *Commonwealth v. McFadden,* 300 Pa.Super. 299, 446 A.2d 624 (1982) (failure to move for dismissal or contest petition); *Commonwealth v. Goldwire,* 279 Pa.Super. 451, 421 A.2d 286 (1980) (no answer filed; defense attorney went to hearing but didn't contest petition); *Commonwealth v. Wilson,* 258 Pa.Super. 231, 392 A.2d 769 (1978) (propriety of extension waived where defendant did not contest extension petition sufficient on its face). Thus,

[the defendant] must either file a motion under Rule 1100(f) or contest the Commonwealth's petition to extend, *so that by one method or the other the facts and issues come before the court.* Otherwise, his Rule 1100 claim will be waived. *See Commonwealth v. Coleman,* 477 Pa. 400, 383 A.2d 1268 (1978); *Commonwealth v. Wallace,* 475 Pa. 27, 379 A.2d 558 (1977).

*Commonwealth v. Davis,* 261 Pa.Super. 204, 208, 395 A.2d 1388, 1390 (1978) (Spaeth, J.) (emphasis added); *see also Commonwealth v. Dunbar,* 503 Pa. 590, 470 A.2d 74 (1983) (strategic failure to object to continuance beyond run date resulted in waiver of Rule 1100); *Commonwealth v. Crowley, supra* (where defense counsel fails to object to 1100(c) extension, defendant will not be discharged after trial unless underlying *constitutional* right to speedy trial denied); *Commonwealth v. Guldin,* 502 Pa. 66, 463 A.2d 1011 (1983) (acquiescence in purported extension beneficial to defendant was excludable as continuance time under 1100(d)); *Commonwealth v. Fisher,* 334 Pa.Super. 449, 483 A.2d 537 (1984) (Cirillo, J.) (similar); *Commonwealth v. Bankston,* 332 Pa.Super. 393, 481 A.2d 672 (1984) (Johnson, J.) (defendant waives finding excluding time under 1100(d) where he doesn't contest it at extension hearing); *Dancy, supra* (McEwen, J.) (specific contention that prosecution should have transported victim to trial rejected where defendant did not raise it at hearing); *Commonwealth v. Warren,* 313 Pa.Super. 390, 459 A.2d 1285 (1983) (Johnson, J.) (abandonment of motion to dismiss at 1100(c) hearing waived issue of propriety of extension); *Commonwealth v. Royer,* 256 Pa. Super. 361, 389 A.2d 1165 (1978) (late filing of extension petition waived where not raised by defendant); *Commonwealth v. Flores,* 247 Pa.Super. 140, 371 A.2d 1366 (1977) (defendant admits unavailability despite due diligence where he does not raise issue at hearing on motion to dismiss); *cf.* Comment to Rule 1100 ("where the defendant, by his attorney, does not contest the motion a hearing need not be held").

By logically extending the rationale infusing these authorities, we are compelled to a logically consistent result in the present case: that is, where the defendant files *no* answer to an extension petition and does *not* contest the specific facts cited in the petition, but instead rests on his general denial that the Commonwealth has exercised due diligence, the specific factual allegations made by the Commonwealth, if believed by the court, must be deemed admit-

ted, and the only question then remaining is whether those allegations amount to due diligence as a matter of law. *See Lafty, supra; Harris, supra; see also Commonwealth v. Morales,* 508 Pa. 51, 494 A.2d 367 (1985) (Court upheld extension based in part on Commonwealth *averments* of readiness and defense unavailability, with no mention of formal evidence as to those facts); *Commonwealth v. Reihart,* 302 Pa.Super. 515, 449 A.2d 35 (1982) (similar); *cf. Kite, supra; Dancy, supra; Davis, supra.*

We will not go so far as to impose an affirmative duty on a defendant to file a formal answer to an extension petition. *See* Pa.R.Crim.P. 308(a), 42 Pa.C.S.A. Appendix (1983) (current version at Pa.R.Crim.P. 9021). Nevertheless, since appellant filed no answer to the Commonwealth's application, *nor did she otherwise cause an issue of fact to be joined regarding the specifics of Sergeant Conway's unavailability,* no need arose for the Commonwealth to present testimony on this issue. It would be the height of "strained and illogical judicial construction" were we to discharge this defendant simply because the Commonwealth failed to have a witness mount the stand, be sworn, and provide formal testimony to establish a fact that no one even questioned.

We hold that appellant's general denial of due diligence admitted all well-pleaded facts which appellant did not specifically deny and the court accepted as true, and preserved only the issue whether the uncontroverted facts were sufficient to show due diligence as a matter of law. *Cf. Ehredt, supra.* On the pure issue of law presented, we hold that the Sergeant's unexpected absence at drug school on the 180th day was sufficient to show that trial could not commence within the 180-day period despite due diligence on the part of the Commonwealth. *Cf. Commonwealth v. Tann,* 298 Pa.Super. 505, 444 A.2d 1297 (1982) (extension proper where victim failed to appear for trial because of high school exam); *Commonwealth v. Sharp, supra* (extension proper where complaining witness was at aunt's funeral in Maryland on trial date); *Commonwealth v. Jackson, supra* (extension proper where defense counsel's vaca-

tion left Commonwealth with one day to get case into courtroom). Accordingly, we uphold the trial court's decision to grant the Commonwealth an extension of time to July 6, 1981. *Cf. Commonwealth v. Delpiano, supra* (Commonwealth failed to respond to defense request for testimony on feasibility of rescheduling trial, or defense allegation that prosecution knew in advance of police vacations; held, Commonwealth's second and third extensions improperly granted); *Commonwealth v. Freeman,* 280 Pa. Super. 462, 421 A.2d 814 (1980) (Commonwealth failed to present evidence on its allegations despite defendant's specific denials and demands for proof; extension improper).

Appellant Hollingsworth also challenges a second extension granted to the Commonwealth from July 6 to September 9, 1981, the date trial actually commenced. The prosecutor had submitted an application for the second extension in open court on July 2, alleging: "Case was listed for trial on June 29, 1981 but case of Comm. vs. Armand Rossi, was called to trial which was a felony [sic] and had priority in the discretion of the trial Judge. Due to the scheduling of court cases and backlog, the instant case was unable to be reached, although the Commonwealth was prepared to proceed to trial." Since the defendant had not been given sufficient time to respond to the application, the court granted a continuance and set a rule returnable on the petition for July 27, 1981. On July 23 the defendant filed an answer and motion for discharge under Rule 1100(f), responding to the Commonwealth's allegation as follows: "Denied. Had the Commonwealth exercised due diligence the case could have been tried. If the case is of such a low priority it should be declared to be diminimus [sic] and dismissed."

The extension hearing was not held on the 27th of July as planned because defense counsel had fallen seriously ill. On September 3, 1981, the Commonwealth moved to amend its July 2 extension application to allege that trial had been continued from July 28 to August 31 due to counsel's "sudden and serious" illness; that the court was unable to

reach the case on August 31 due to the number of cases assigned to its docket, with the instant case therefore being placed on backup status for the week; and that when the case was finally called on September 3 "the Commonwealth's key witness, Police Officer Joseph Bail, who had been available earlier in the week and all prior listings is now away on vacation." The prosecutor also orally alleged readiness at all prior listings, and requested that the Rule 1100 period be extended to the next available trial date.

The court took the motion under advisement and on September 9, 1981 heard testimony from Officer Bail regarding his absence from work and subsequent return. The court thereupon granted the Commonwealth an extension based on witness unavailability, and the case went to trial that very day. As for the allegation contained in the July extension petition,m the court noted, "To the extent that has not been disposed of it is now." As the trial judge later explained in his opinion denying post-trial motions, he could not hear the case before July 6 as scheduled because he was engaged in jury trials involving a serious rape and burglary, and he took judicial notice that the case had been listed for the earliest possible trial date consistent with "the standards of the American Bar Association concerning the seriousness of the crime, the incarceration of the Defendant and the time having expired."

A trial judge's certification that he was unable to reach a case because of his overcrowded docket may supply sufficient grounds for an extension. *See Commonwealth v. Suggs, supra; Commonwealth v. Zirkle,* 251 Pa.Super. 214, 380 A.2d 454 (1977); *see also Mayfield, supra; Commonwealth v. Cimaszewski,* 261 Pa.Super. 39, 395 A.2d 931 (1978). "[A] record which reflects the inability of the *assigned* trial judge to hear the case is sufficient to support a finding of due diligence." *Suggs* 289 Pa.Super. at 55, 432 A.2d at 1047 (emphasis added); *see also Commonwealth v. Kollock,* 246 Pa.Super. 16, 369 A.2d 787 (1977); Standards for Criminal Justice 12–1.2(b) (1982) (recommending practice of individual dockets for each judge). To the extent that

*Commonwealth v. Weber* 256 Pa.Super. 483, 390 A.2d 206 (1978), suggests that the Commonwealth in every case must demonstrate that another judge could not have heard the case before the run date, we disapprove it as contrary to the recent pronouncements of our Supreme Court in *Commonwealth v. Crowley, supra. Crowley* eschewed a rigid requirement that common pleas courts continually arrange and rearrange their schedules to accommodate the 180-day rule, particularly in urban areas with severely crowded court dockets. According to the Court in *Crowley,* it is enough for a court to establish that it has devoted a reasonable amount of its resources to the criminal docket and that it scheduled the defendant's criminal trial at the earliest possible date consistent with the court's business. *See also Commonwealth v. Bolden,* 336 Pa.Super. 243, 485 A.2d 785 (1984).

Turning to the specific factors which the trial judge enumerated as influencing his decision to grant the second extension, this Court has explicitly approved such considerations in holding that Rule 1100 does not require cases to be tried strictly according to priority of age. *See Suggs, supra; see also Commonwealth v. Kuhn,* 327 Pa. Super. 72, 75 n. 1, 475 A.2d 103, 104 n. 1 (1984) (plurality opinion); *Commonwealth v. Fairley,* 298 Pa.Super. 236, 444 A.2d 748 (1982) (Opinion by Popovich, J., joined by Spaeth and Montgomery, JJ.) (administrative policy gave low priority to drunk driving cases; held, extension properly based on court backlog); *cf.* Standards for Criminal Justice 12–1.1 & Commentary, *cited with approval in Mayfield, supra; but cf. Commonwealth v. Bytheway* 290 Pa.Super. 148, 434 A.2d 173 (1981). Here, the trial judge's technique of taking, in effect, judicial notice of the factors he considered in managing the criminal cases on his docket, together with the uncontested averments in the Commonwealth's extension petition and amendments thereto, provided sufficient evidence of unavoidable court delay and prosecutorial due diligence for the period July 6 through September 9. *See Jackson, supra* (upholding extension based on

judicial notice taken in trial court opinion of court backlog and scheduling procedures); *accord Selig, supra; Commonwealth v. Metzger,* 249 Pa.Super. 107, 375 A.2d 781 (1977) (Spaeth, J., concurring); *see also Bradford, supra; Bolden, supra; Bulling, supra; Kollock, supra.* Additionally, we note that the unavailability of the defendant's attorney on the trial date set in late July, and the resulting delay when the case was placed on backup for August 31 and then not reached, constituted grounds for an exclusion of time from the speedy trial calculation under Rule 1100(d). *See Commonwealth v. Robinson,* 498 Pa. 379, 446 A.2d 895 (1982); *Commonwealth v. Chapman,* 271 Pa.Super. 473, 414 A.2d 352 (1979); *see also Commonwealth v. Manley,* 503 Pa. 482, 469 A.2d 1042 (1983); *Commonwealth v. Gorham,* 341 Pa.Super. 499, 491 A.2d 1368 (1985) (Spaeth, P.J.). Given the intervening circumstance of defense counsel's illness, we are further convinced that the total length of the extension granted was as limited as reasonably possible considering the press of court business, thus satisfying the *Mayfield* standard. *See Commonwealth v. Gibson,* 248 Pa.Super. 348, 375 A.2d 132 (1977); *Commonwealth v. Gilliam, supra* (Cirillo, J. concurring).

In a claim related to this same period of time, however, appellant complains that the delay of over two months between the filing of the Commonwealth's petition and the hearing held on September 9 prejudiced her defense, so that she should be discharged under the rationale of *Commonwealth v. Prillerman* 260 Pa.Super. 211, 393 A.2d 1228 (1978) (per curiam) (alternative holding). However, we find this case in no way comparable to *Prillerman,* in which the hearing court without explanation held the Commonwealth's extension application in abeyance for seven months. Here much of the pre-hearing delay was attributable to the illness of defense counsel, and a good deal of the remainder of it was accounted for by the reasonable time allowed by the court for the defendant to respond to the Commonwealth's petition. The delay was satisfactorily explained, and the record fails to reveal how

the two-month delay could have prejudiced the defendant in any appreciable degree. Hence, appellant is not entitled to be discharged. *See Commonwealth v. Jorden*, 333 Pa.Super. 291, 482 A.2d 573 (1984); *see also Commonwealth v. Derrick*, 322 Pa.Super. 517, 469 A.2d 1111 (1983); *Commonwealth v. Williams*, 310 Pa.Super. 501, 456 A.2d 1047 (1983); *but cf. Commonwealth v. Simon*, 283 Pa.Super. 203, 423 A.2d 1060 (1981) (discharging defendant where delay unexplained) (alternate holding).

Finally, appellant raises several claims of trial court error in refusing to suppress the evidence against her obtained through a search of her home. We decline to address these claims due to the substantial failure of appellant's brief to comply with Pa.R.A.P. 2117(c) and 2119(c).

Judgment affirmed.

McEWEN, J., files a concurring opinion.

SPAETH, President Judge, files a dissenting opinion in which WIEAND and DEL SOLE, JJ., join.

CERCONE, J., did not participate in the final disposition of this case.

McEWEN, Judge, concurring:

Since I have concluded that the eminent Judge Clement J. McGovern properly granted the application for an extension upon which the court conducted a hearing on May 11, 1981, I would affirm the judgment of sentence. I am unable to do so, however, in the clear, certain fashion of my learned colleagues who also affirm. In fact, the differing expression of view of our distinguished colleague President Judge Edmund B. Spaeth is quite persuasive and should serve as an instruction to the prosecution that it should in the future provide a more fervent presentation of good cause. The assistant district attorney here only supplied to the court a quite minimal assertion and not only failed to present any evidence but also neglected to supply in the assertion any specific information concerning the educational program at which the police officer who was the principal Common-

wealth witness would be a participant. Even if the statements of the police officer to the prosecutor concerning the seminar satisfied the prosecutor, the assistant district attorney should have been aware that the hearing judge was entitled to more data, such as, for example, the proximity of the school to the situs of the trial. The hearing court might then have been able to structure arrangements for the appearance and testimony of the police officer without interruption of his training classes. Nonetheless, I am unable to conclude that it was error for the court to grant the extension.

Since the remaining assertions of appellant lack merit, I would affirm the judgment of sentence.

SPAETH, President Judge, dissenting:

The majority excuses the Commonwealth from proving its allegations supporting a petition to extend under Rule 1100 because appellant did not contest any specific facts averred. I dissent because I find no authority for the proposition that the Commonwealth can dispense with its burden of proving due diligence when a defendant challenges it to prove its allegations.

The criminal complaint charging appellant with maintaining illegal lotteries and gambling devices was filed on November 12, 1980. The run date under Rule 1100 was therefore May 11, 1981. Pa.R.Crim.P. 1100(a)(2). The case was listed for trial on March 30, 1981, but because of various delays,[1] was relisted for trial on May 11, 1981. On April 8, 1981, the Commonwealth filed an application for an extension, which was heard on May 11, 1981. At the hearing, the Commonwealth amended its application to add

1. I should not consider whether the record is sufficient to permit a finding that these delays were excludable under Rule 1100(d), for the trial court made no such finding and the Commonwealth does not argue that the delays were excludable, instead arguing only that the trial court properly found under Rule 1100(c) that trial "could not be commenced within the prescribed period despite due diligence by the Commonwealth...." Brief for Commonwealth at 3.

the following as a reason why the application should be granted:

> (8) On May 11, 1981 the Commonwealth's expert witness will be unavailable for a period of 2 weeks due to his attendance at Drug Enforcement School sponsored by the Department of Justice. The Commonwealth has not requested any prior continuances, nor has a previous [e]xtention [u]nder Rule 1100 been granted.

The assistant district attorney offered no evidence in support of this allegation, merely reciting it. N.T. 5/11/81, at 2. Defense counsel responded by saying:

> Our position is, Your Honor, that a mere assertion that due diligence was exercised is insufficient to allow for the granting of extension of time. If there was a showing, more extensive showing, that this case could not have been brought before the Court, then possibly our position would alter, but I don't believe on the face of what the District Attorney has presented today that an extension has been shown to be necessary.
>
> *Id.* at 5.

The trial court asked the assistant district attorney, "Do you wish to present anything further?", to which she replied:

> No, I believe that the allegations as set forth in the Petition along with my amendment would be sufficient. *Id.*

The trial court then granted an extension to July 6, 1981, explaining that it did so "because of the unavailability of Commonwealth witnesses [*sic*]." *Id.* The court did not consider, or base its order on, the other allegations in the Commonwealth's application.[2] The case was later continued to September 9, 1981, when trial began. The jury found appellant guilty as charged, and this appeal is from the ensuing judgment of sentence.

Appellant argues that the trial court improperly granted the Commonwealth's application to extend the time for

---

**2.** *See* note 1, *supra.*

commencement of trial on May 11, 1981.[3] Under Rule 1100, the trial court may grant such an application "only on findings based upon a record showing that trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth and, if the delay is due to the court's inability to try the defendant within the prescribed period, upon findings based upon a record showing the causes of the delay and the reasons why the delay cannot be avoided." Pa.R.Crim.P. 1100(c)(3). In *Commonwealth v. Ehredt*, 485 Pa. 191, 401 A.2d 358 (1979), the Supreme Court stated:

> The Commonwealth has the burden, by a preponderance of the evidence, of showing it has met the requirements of Rule 1100(c). Cf. *Commonwealth v. Wade*, 475 Pa. 399, 380 A.2d 782 (1977); *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977). Furthermore, in reviewing a hearing court's ruling that the Commonwealth has met its burden, we consider only the evidence presented by the Commonwealth and so much evidence, as fairly read in the context of the record as a whole, remains uncontradicted. See *Commonwealth v. Mitchell*, supra.

> . . . . .

Although the preponderance standard is the least burdensome standard of proof known to the law, *Commonwealth v. Mitchell*, supra, a bare statement by the Commonwealth's attorney that several witnesses are "unavailable," without more, does not establish "due diligence" within that standard. While the unavailability of a witness may be a relevant factor in determining whether an extension should be granted, see *Commonwealth v. Brown*, 252 Pa.Super. 365, 381 A.2d 961 (1977), "[m]ere assertions of due diligence and unproven facts, do not establish cause for an extension under Rule 1100(c)." *Commonwealth v. Antonuccio*, [257] Pa.Super. [535], [537], 390 A.2d 1366, 1367 (1978).

**3.** Given my disposition of this issue, I should not reach appellant's other arguments.

*Id.,* 485 Pa. at 191, 195–96, 401 A.2d 358, 360–61 (foot-notes omitted).

*See Commonwealth v. Lafty,* 333 Pa.Super. 428, 434, 482 A.2d 643, 646 (1984) (en banc); *Commonwealth v. Jackson,* 269 Pa.Super. 249, 252, 409 A.2d 873, 874 (1979). *And see Commonwealth v. Akridge,* 492 Pa. 90, 422 A.2d 487 (1980) (Commonwealth did not sustain its burden where it present-ed no evidence at hearing to support its application for an extension); *Commonwealth v. Delpiano,* 290 Pa.Super. 510, 434 A.2d 1260 (1981) (same); *Commonwealth v. Hill,* 290 Pa.Super. 399, 434 A.2d 813 (1981) (same); *Common-wealth v. Thompson,* 285 Pa.Super. 155, 426 A.2d 1188 (1981) (same); *Commonwealth v. McNeill,* 274 Pa.Super. 257, 418 A.2d 394 (1980) (same); *Commonwealth v. Brant,* 272 Pa.Super. 135, 414 A.2d 707 (1979) (same).

The Commonwealth's application for an extension should not have been granted. No evidence, of any sort, was offered in support of the allegation that "the Common-wealth's expert witness will be unavailable for a period of 2 weeks due to his attendance at Drug Enforcement School....." Although appellant did not contest the facts contained in the allegation, appellant did, in the very lan-guage of *Commonwealth v. Ehredt, supra,* argue that the Commonwealth's "mere assertion" was insufficient to sup-port the application. The Commonwealth was put on notice that appellant was not excusing it from the necessity of introducing evidence in support of its application. The assistant district attorney simply refused to carry the Com-monwealth's burden when, misstating the law, she respond-ed "that the allegations ... [were] sufficient." [4]

4. Neither *Commonwealth v. Reihart,* 302 Pa.Super. 515, 449 A.2d 35 (1982), nor *Commonwealth v. Thompson,* 292 Pa.Super. 108, 436 A.2d 1028 (1981), are necessarily inconsistent with this conclusion. The opinions in both cases fail to indicate whether there was a hearing on the application to extend, and, if so, whether any testimony was offered in support of the Commonwealth's allegations of the unavaila-bility or whether the record contained other evidence in support of the Commonwealth's allegations. However, to the extent that *Reihart* and *Thompson* imply that allegations of witness unavailability unsup-

I should vacate judgments of sentence and discharge appellant.

WIEAND and DEL SOLE, JJ., join.

ported by evidence may be sufficient to establish due diligence, they are contrary to established principles.