533 A.2d 1060

COMMONWEALTH of Pennsylvania, Appellee,

v.

James R. McPHERSON, Appellant. (Two Cases)

Superior Court of Pennsylvania.

Argued Oct. 1, 1987.

Filed Nov. 27, 1987.

John Sughrue, Clearfield, for appellant.

Leslie A. Hoffman, Assistant District Attorney, Clearfield, for Com., appellee.

Before CIRILLO, President Judge, and JOHNSON and MONTGOMERY, JJ.

PER CURIAM:

Appellant James R. McPherson was arrested and charged with driving under the influence of alcohol. These two appeals are taken from the denial of appellant's "Application for Dismissal of Prosecution with Prejudice and for Discharge of Defendant" and from the judgment of sentence imposed upon appellant's conviction. We quash the appeal from the denial of the application to dismiss and affirm the judgment of sentence.

Appellant's first trial resulted in a hung jury. A second trial was scheduled for November 5, 1984. On November 1, appellant filed an "Application for Dismissal of Prosecution with Prejudice and for Discharge of Defendant," which alleged violations of Pa.R.Crim.P. 1100. On November 5, when the case was called for trial, appellant sought a ruling on this application. The trial court denied the motion and ordered the case to trial. Appellant filed a notice of appeal from that denial on November 5. The case proceeded to trial and appellant was convicted. Post-trial motions were denied and appellant was sentenced to five months to two years imprisonment. Appellant filed a direct appeal from the judgment of sentence.

Initially, we must determine whether the appeal from the denial of appellant's "Application" is properly before us. It is well-established that a criminal defendant

may take an appeal only from the judgment of sentence. *Commonwealth v. Brady,* 510 Pa. 336, 508 A.2d 286 (1986); *Commonwealth v. Myers,* 457 Pa. 317, 322 A.2d 131 (1974); *Commonwealth v. Cole,* 437 Pa. 288, 263 A.2d 339 (1970); *Commonwealth v. Pollick,* 420 Pa. 61, 215 A.2d 904 (1966). An appeal from any prior order must be quashed. *Commonwealth v. Myers, supra.* Appellant seeks to avoid this result by arguing that his appeal falls under the exception listed in Pa.R.A.P. 311(a)(5). This section provides that an interlocutory appeal as of right may be taken where an order awards a new trial and the defendant claims that the proper disposition of the matter would be absolute discharge. Such is not the case here as there is no order awarding a new trial. We must disagree with appellant's argument that the grant of a mistrial due to a deadlocked jury is the equivalent of an award of a new trial. When a mistrial is declared due to a deadlocked jury, no award of a new trial is necessary as retrial follows as of course. We conclude therefore that the appeal at 1458 Pittsburgh 1984 must be quashed as interlocutory. We turn then to the issues raised in the appeal from the judgment of sentence.[1]

■ Appellant first contends that the trial court erred in ordering the case to trial after appellant had perfected his appeal from the denial of his motion for dismissal. The Rules of Appellate Procedure authorize the trial court to "proceed further in any matter in which a nonappealable interlocutory order has been entered, notwithstanding the filing of a notice of appeal...." Pa.R.A.P. 1701(b)(6).[2] Clearly, an order refusing to dismiss a case on Rule 1100 grounds is a nonappealable interlocutory order. *Commonwealth v. Bennett,* 236 Pa.Super. 509, 345 A.2d 754 (1975). Appellant's attempt to bring this case within the exception

1. Appellant preserved the issues raised in the first appeal in his post-trial motions and his appeal from the judgment of sentence.

2. We note that appellant relies on the case of *Commonwealth v. Hollis,* 304 Pa.Super. 1, 450 A.2d 70 (1982), for the proposition that once an appeal is filed, the trial court is without jurisdiction to proceed further. That case is inapposite to the instant case because it took place prior to September 15, 1983, the effective date of Pa.R.A.P. 1701(b)(6).

of Pa.R.A.P. 331(a)(5) is unavailing as explained above. Therefore, the trial court did not act improperly in proceeding to trial while the appeal from the denial of the motion to dismiss was pending.

Appellant next contends that the extensions of time to commence trial, pursuant to Pa.R.Crim.P. 1100, were improperly granted.[3]  Appellant argues that the Commonwealth did not prove the allegations set forth in its various Petitions for Extension of Time.  In support of his argument, appellant cites the memorandum opinion and order in *Commonwealth v. Bond,* 354 Pa.Super. 623, 508 A.2d 338 (1986),[4] in which a panel of this court found that the Commonwealth had not adequately proved that the backlog of cases in Clearfield County prevented the Commonwealth from trying appellant within the Rule 1100 time constraints.  The Commonwealth argues that the traditional hearing requirements are unnecessary in counties which have only one judge who can take judicial notice of his own court calendar.  Our Supreme Court has recently reversed this court's order in *Commonwealth v. Bond,* 516 Pa. 171, 532 A.2d 339 (1987).  In so doing, three Justices [5] joined the Opinion Announcing the Judgment of the Court, which accepted this argument, stating:

> It would be both legally frivolous and intellectually foolish to insist upon an application of hypertechnical hearing procedures where the judge is the only judicial officer in town and would be forced to engage in questioning for which he already knew the answers.
>
> *Id.,* 516 Pa. 179, 532 A.2d at 343.

**3.**  These extensions refer to appellant's first trial.  The second trial was commenced in accordance with the time limits of the Rule.  See, *Commonwealth v. Hensley,* 295 Pa.Super. 225, 441 A.2d 431 (1982).

**4.**  We call counsel's attention to the fact that memorandum opinions of this court are not to be considered precedent and cannot be cited by parties for any purpose.  *Major v. Major,* 359 Pa.Super. 344, 518 A.2d 1267 (1986); *K.N. v. Cades,* 288 Pa.Super. 555, 432 A.2d 1010 (1981).

**5.**  Justice McDermott concurred in the result without setting forth whether he agreed or disagreed with the rationale set forth in the Opinion Announcing the Judgment of the Court.

Justice Larson, while disagreeing with this argument, believed that the decision was consistent with the plurality opinion of *Commonwealth v. Hollingsworth*, 346 Pa.Super. 199, 499 A.2d 381 (1985), *allocatur denied*, 515 Pa. 575, 527 A.2d 536 (1987), which held that a defendant's general denial of due diligence admits all well-pleaded facts which are not specifically denied and preserves only the issue of whether those facts are sufficient to show due diligence as a matter of law.

In the instant case, appellant did not deny that the Commonwealth was unable to try him without obtaining Rule 1100 extensions. Rather, the thrust of his argument in the court below was that the Commonwealth did not take any steps to secure additional judges and courtrooms or additional criminal court terms in order to cope with the backlog. Thus, under either of the rationales expressed in *Bond, supra*, appellant is not entitled to discharge.

■ Finally, appellant contends that the evidence was insufficient to sustain his conviction. The evidence presented at trial reveals that appellant arrived at a convenience store and ordered gasoline. Although he paid the clerk for the gasoline, appellant did not put any gas into his motorcycle. He then walked the motorcycle through an intersection and proceeded downhill, weaving the cycle from side to side. The officer who observed him testified that appellant had his feet on the cycle, not the ground, as he proceeded downhill. The officer was unable to state whether the motorcycle ever actually started or whether it coasted down the hill without power. We are unable to agree with appellant's claim that he could not be convicted of driving under the influence under these facts. With the exception of starting the engine, appellant's actions were no different, and no less dangerous, than if the engine had been started. The vehicle was in motion and appellant was controlling its movement. Further, the jury could infer from the above facts that the motorcycle was operating sufficiently to permit appellant to arrive at the convenience store in the

first place. *See, Commonwealth v. Matsinger,* 288 Pa.Super. 271, 431 A.2d 1043 (1981).

Appeal at No. 1458 Pittsburgh 1984 is quashed. Judgment of sentence affirmed.