**Russell YON, Jr.**

v.

**Lance O. YARUS, D.O.**

Superior Court of Pennsylvania.

Submitted Aug. 25, 1997.
Filed September 11, 1997.

Lee A. Ciccarelli, Lancaster, for appellant.

Daniel M. Brookhart, Lancaster, for appellee.

Before KELLY, POPOVICH and EAKIN, JJ.

PER CURIAM.

This is an appeal from the order denying the posttrial motions of Dr. Lance O. Yarus,

appellant herein. The plaintiff, Russell Yon, Jr. brought this action against Dr. Yarus claiming medical malpractice. The matter was tried before a jury. Following nine and a half hours of deliberation without a verdict, the trial court, on October 10, 1996, entered an order declaring a mistrial. Dr. Yarus filed a motion for posttrial relief on October 21, 1996. On October 29, 1996, Mr. Yon filed a praecipe to relist the matter for a jury trial and on November 6, 1996, an order for a pretrial conference was filed. By order dated December 31, 1996, the case was removed from the trial list and posttrial motions were disposed of by order dated May 27, 1997.

 Mr. Yon filed a motion to quash claiming that the appeal is interlocutory. According to Mr. Yon, judgment has not been entered nor can it be entered as further proceedings are taking place. We agree that an order denying posttrial motions is not appealable until the order is reduced to judgment. *Johnston the Florist, Inc. v. TEDCO Construction Corp.*, 441 Pa.Super. 281, 657 A.2d 511 (1995). Pursuant to *Johnston* and Pa.R.A.P. 301 this may be remedied by filing a praecipe for entry of judgment while the appeal is pending, thus, perfecting appellate jurisdiction.

Entry of judgment, however, will not make final an otherwise interlocutory order. *Christian v. Pennsylvania Financial Responsibility Assigned Claims Plan*, 454 Pa.Super. 512, 686 A.2d 1 (1996). The grant of a mistrial is not an appealable order. *Commonwealth v. McPherson*, 368 Pa.Super. 274, 533 A.2d 1060 (1987). While case law on the subject deals with criminal matters, the reasoning behind the holding is analogous to civil cases. In *McPherson*, the court noted that while an award of a new trial is immediately appealable under Pa.R.A.P. 311(a)(5)(now Rule 311(a)(6) due to amendments effective April 27, 1996), a mistrial is not. The difference, the court explained, is that after a mistrial due to a deadlocked jury, retrial follows as of course.

Instantly, following the disposition of *posttrial* motions, another praecipe to place the matter on the trial list and an order for pretrial conference were filed. The trial court has properly continued with the proceedings under Pa.R.A.P. 1701(b)(6) (trial court may proceed where a nonappealable interlocutory order has been entered regardless of the filing of a notice of appeal).

Therefore, we hold that the appeal has been taken from an interlocutory order and the motion to quash is granted.

Appeal quashed.