J-S91036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CHRISTINE M. LYONS, N/K/A | : | IN THE SUPERIOR COURT OF |
| CHRISTINE M. BRACE | : | PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 827 MDA 2016 |
| DENNIS J. LYONS | : | |

Appeal from the Order Entered April 18, 2016
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s):  2002-FC-3128

BEFORE:  FORD ELLIOTT, P.J.E., RANSOM, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:          **FILED DECEMBER 22, 2016**

Appellant Christine M. Lyons, N/K/A Christine M. Brace (hereinafter "Wife") appeals *pro se* the Order entered in the Court of Common Pleas of Lackawanna County on April 18, 2016, granting the preliminary objections of the City of Scranton Police Pension Fund (the "Pension Fund").  After a careful review, we affirm, albeit for reasons different from those expressed by the trial court.[1]

_____

[1] It is well-settled that an appellate court may affirm the trial court's decision if there is any basis on the record to support that decision even if the
*(Footnote Continued Next Page)*

* Former Justice specially assigned to the Superior Court.

Wife and the named Appellee, her deceased ex-husband Dennis J. Lyons (Husband), were married on June 29, 1996. On June 5, 2002, Wife filed a Complaint in Divorce, and the divorce decree was filed on November 3, 2004. The parties entered into a Marital Settlement Agreement on November 1, 2004. Pursuant thereto, the trial court entered a Qualified Domestic Relations Order (QDRO) on November 28, 2012, which provided that Wife would receive a marital share of Husband's Pension Fund. Specifically, under the QDRO Appellant would receive a 50% marital portion of the Pension Fund for the years of marriage from June 29, 1996, to June 5, 2002. *See* QDRO, filed 11/28/12, at ¶ 8.

Husband retired on October 24, 2012, and passed away on April 10, 2015. Wife received payments from the Pension Fund pursuant to the QDRO from November 28, 2012, until Husband's death, at which time the Pension Fund maintained that payments were no longer due to Wife in light of language found in the Ordinances of the City of Scranton governing such payments.

On September 4, 2015, Wife filed her "Motion to Compel the City of Scranton to Comply with the November 28, 2012, Qualified Domestic Relations Order" and named Husband as the defendant therein. On

*(Footnote Continued)* ————————————

appellate court relies upon a different basis in its decision to affirm. *In re Adoption of Z.S.H.G.*, 34 A.3d 1283, 1288 (Pa.Super. 2011).

September 4, 2015, the trial court issued a Rule upon a non-party, the City of Scranton, to show cause why Appellant's Motion should not be granted. Subsequently, on September 29, 2015, the Pension Fund filed Preliminary Objections to Appellant's motion claiming the trial court both improperly had identified it as the City of Scranton and lacked jurisdiction over it.[2] The Pension Fund further maintained that Wife had failed to state a claim upon which relief may be granted in light of Ordinances of the City of Scranton.[3] Following oral argument on March 21, 2016, the trial court entered an Order granting the Preliminary Objections on April 18, 2016. In support of its

_____

[2] The Pension Fund explained that it is a trust fund established by Ordinances of the City of Scranton for the benefit of current and future retirees of the Scranton Police Department, is governed by a Board pursuant to Commonwealth law and Scranton Ordinances and is legally distinct from the City of Scranton. **See** Preliminary Objections Pursuant to Rule 1028(a), filed September 29, 2015, at ¶¶ 1-3.

[3] We note that PaR.C.P. 1028 provides, in relevant part, the following:

> (a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:
>
> (1) lack of jurisdiction over the subject matter of the action or the person of the defendant, improper venue or improper form or service of a writ of summons or a complaint;
>
> ***
>
> (4) legal insufficiency of a pleading (demurrer);

Pa.R.C.P. 1028(a)(1), (4).

finding Wife was not entitled to Pension Fund payments following Husband's death, the trial court reasoned as follows:

> 10. Husband's pension plan is established by Ordinances of the City of Scranton, which provide,
>
> > Section 1. Any member of the Police Pension or retirement fund who is married and who elects in writing to be governed by the provisions of the Act of 1965, P.L. 835… and who retires under the provisions of the law regulating the retirement of police officers therein and ordinances of the City heretofore adopted and adopted pursuant thereto as shall, receive the pension so provided for during his lifetime and a pension after his death, payable to his surviving spouse at the time of retirement… **Provided that such person so retiring shall have been married to his spouse not less than five years prior to the date of retirement and the spouse is dependent upon such deceased employee at the time of his death**. (File of the Council No. 4 1975, *emphasis added*).
>
> 11. Pursuant to paragraph thirteen (13) of the QDRO, "Savings Clause: This Order is not intended, and shall not be construed in such a manner as to require the Plan: (a) to provide any type of form of benefit option not otherwise provided under the terms of the Plan." (QDRO, 11/28/12).

Trial Court Order, filed April 18, 2016, at ¶¶ 10-11.

On May 18, 2016, Appellant filed a timely notice of appeal with this Court. Although the trial court did not direct Appellant to file a concise statement of the matters complained of on appeal, it filed an Opinion pursuant to PaR.A.P. 1925(a) on June 15, 2016.

Appellant presents the following statement of the Questions Involved:

> Did Trial Court err at law or abuse its discretion when it granted the Scranton Police Pension Fund's Preliminary Objections that asserted that [Appellant] had no right to continue to receive an equitable distribution of marital assets in

the form of deferred pension payments after the death of her ex-husband, even though a certified [QDRO] specifically stipulated that she would receive pension payments post-death.

Brief for Appellant at 4.

Initially, we must determine whether the trial court's order is a final, appealable order. A court's jurisdiction is a threshold issue that it may consider *sua sponte* at any time. **McCutcheon v. Philadelphia Elec. Co.**, 567 Pa. 470, 478, 788 A.2d 345, 349 (2002). Under Pennsylvania law, this Court may reach the merits of an appeal taken from (1) a final order or an order certified as final by the trial court (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312); or (4) a collateral order (Pa.R.A.P. 313). **See In re Estate of Cella**, 12 A.3d 374, 377 (Pa.Super. 2010).

We begin with an examination of Rule 341(a) of the Pennsylvania Rules of Appellate Procedure which provides that "an appeal may be taken as of right from any final order of an administrative agency or lower court." Pa.R.A.P. 341(a). The purpose of limiting appellate review to final orders is to prevent piecemeal determinations and the consequent protraction of litigation. A final order is defined as follows:

(b) Definition of final order. A final order is any order that:

(1) disposes of all claims and of all parties; or
(2) is expressly defined as a final order by statute; or
(3) is entered as a final order pursuant to subdivision(c) of this rule.

Pa.R.A.P. 341(b).

- 5 -

The within matter is riddled with procedural anomalies. First, rather than commence the action by filing an action for declaratory judgment complaint with the trial court pursuant to Pa.R.C.P. 1601 and Pennsylvania's Declaratory Judgments Act, 42 Pa.C.S.A. § 7531, Wife initiated the underlying action by filing a Motion to Compel the City of Scranton to comply with the November 28, 2012, QDRO, and named her deceased, ex-husband as the defendant therein. This filing prompted the trial court to enter a Rule and Order for a hearing upon the City of Scranton to show cause why Appellant's motion should not be enforced. However, to complicate matters even further, the Pension Fund has indicated that it and the City of Scranton are distinct entities, yet the Pension Fund filed the Preliminary Objections which form the basis of the Trial Court's April 18, 2016, Order.

Notwithstanding the foregoing, the trial court's April 18, 2016, Order granting the Pension Fund's Preliminary Objections with prejudice made a final determination as to Wife's entitlement to further payments from the Pension Fund following Husband's death. This is so even though the matter was not properly commenced *via* a complaint and did not name the appropriate entity, the Pension Fund, as a party thereto. As such, under the unique circumstances presented herein, we find the trial court's April 18, 2016, Order constitutes a final, appealable order, and we next consider whether the trial court erred in granting the Pension Fund's Preliminary Objections.

Appellant avers the trial court erred in its determination she was not entitled to continue receiving payments from her former Husband's Pension Fund pursuant to the QDRO which specifically provided she would receive payments following Husband's death.[4]  However, as stated previously, in its Preliminary Objections, the Pension Fund represented that it is a trust fund legally distinct from the City of Scranton, established by Ordinances thereof, and governed by a Board pursuant to state and local laws.  **See** Preliminary Objections filed 9/29/15, at ¶¶ 1-3.  Though legally responsible for administering Husband's earned pension benefit, the Pension Fund was not named as a party to the Motion to Compel which forms the basis of the instant appeal.  As such, the trial court lacked jurisdiction over the Pension Fund to grant the relief Wife requested; therefore, the Preliminary Objections Pursuant to Rule 1028(a) were properly granted.  **See** Pa.R.A.P. 1028(a)(1).[5]

_____

[4] In this regard, paragraph eleven of the QDRO states the following:  "Death of Participant:  In the event that the Participant dies either prior to or after the establishment of a separate account in the name of the Alternate Payee, the Participant's death shall in no way affect Alternate Payee's right to the portion of her benefits set forth in paragraph No. 8."

[5] We note that the Commonwealth Court considered a similar claim which arose from an ex-spouse's filing of Motion for Declaratory Judgment against the City of Wilkes-Barre Police Pension Fund wherein she requested a declaration that she was entitled to continue receiving payments from the Pension Fund pursuant to a domestic relations order despite the fact that her ex-husband had passed away several years prior.  **See Kenney v. City of Wilkes-Barre Police Pension Fund**, No. 1334 C.D. 2009, unpublished
*(Footnote Continued Next Page)*

In light of this decision, we do not reach the merits of the issue Wife sets forth in her appellate brief. Further, we do not consider whether this Court would have had had appellate jurisdiction over this matter in light of 42 Pa.C.S.A. § 762(a) had Wife properly initiated it pursuant to the Pennsylvania Rules of Civil Procedure.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/22/2016

---

*(Footnote Continued)* ――――――――――――

memorandum at 1 (Pa.Cmwlth. filed February 3, 2010). However, because that decision was an unpublished memorandum opinion of the Commonwealth Court, it cannot be relied upon nor cited for precedential value herein. **Commonwealth v. Sperry**, 577 A.2d 603, 605 n. 4 (Pa.Super. 1990); **Commonwealth v. McPherson**, 533 A.2d 1060, 1062 n. 4 (Pa.Super. 1987). **See also**, Internal Operating Procedures of the Superior Court § 65.37.