J-S64004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                 :              PENNSYLVANIA
                                 :
              v.                 :
                                 :
                                 :
                                 :
JOSHUA WARDLAW                   :
                                 :
         Appellant               :    No. 1716 WDA 2018

Appeal from the Order Dated November 5, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0013708-2016

BEFORE:   BOWES, J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 12, 2019**

Joshua Wardlaw appeals from the order that denied his motion for judgment of acquittal filed after the trial court declared a mistrial based upon a deadlocked jury.  We quash the appeal.

The trial court summarized the history of the case as follows.

> [Appellant] was charged with one count of criminal homicide, two counts of criminal attempt — criminal homicide, two counts of aggravated assault, and two counts of recklessly endangering another person (REAP), in connection with a shooting that occurred in the early morning hours on August 6, 2016.  The victims of the shooting included Amanda Smith, Alyssa Madison and Jonathan Minnie.  Minnie died as a result of his injuries, and Smith and Madison sustained significant life threatening injuries.
>
> [Appellant]'s jury trial began on Tuesday, October 23, 2018, and the jury heard the case over the next four days.  The jury returned a verdict of not guilty with respect to the two counts of attempted homicide and indicated to the court that it was deadlocked with respect to the remaining counts.  This court

_____

[*] Retired Senior Judge assigned to the Superior Court.

declared a mistrial with respect to the counts on which the jury was deadlocked.

On November 5, 2018, [Appellant] filed a motion in arrest of judgement/judgment of acquittal with respect to the deadlocked charges. . . . Appellant's motion of arrest of judgment/judgment of acquittal allege[d] the evidence presented at trial was insufficient to prove that [Appellant] was the shooter and as such he was entitled to a dismissal of the charges.

Trial Court Opinion, 3/28/19, at 2-3 (citations and unnecessary capitalization omitted omitted). The trial court denied Appellant's motion on November 5, 2018, and Appellant filed a notice of appeal from that order on December 4, 2018. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following question for this Court's review:

Whether the trial court erred in denying [Appellant]'s motion in arrest of judgment/judgment of acquittal on the hung charges of criminal homicide, aggravated assault (four counts), and [REAP] (two counts) when the Commonwealth's evidence presented at trial failed to prove that [Appellant] was the shooter; under such circumstances, [Appellant] was entitled to an absolute discharge, not merely a new trial?

Appellant's brief at 6 (unnecessary capitalization omitted).

Before we consider the merits of Appellant's claim, we must determine whether the trial court's November 5, 2018 order is appealable. *See*, *e.g.*, *Commonwealth v. Horn*, 172 A.3d 1133, 1135 (Pa.Super. 2017) (providing that, as appealability implicates this Court's jurisdiction, "prior to reaching the merits of any appeal, this Court must first ascertain whether the order appealed from is properly appealable") (cleaned up).

"It is well-established that a criminal defendant may take an appeal only from the judgment of sentence. An appeal from any prior order must be quashed." ***Commonwealth v. McPherson***, 533 A.2d 1060, 1061–62 (Pa.Super. 1987) (citations omitted). However, Appellant claims this Court has jurisdiction over the instant appeal pursuant to Pa.R.A.P. 311(a)(6), which provides for an interlocutory appeal as of right from:

> An order in a civil action or proceeding awarding a new trial, or an order in a criminal proceeding awarding a new trial where the defendant claims that the proper disposition of the matter would be an absolute discharge or where the Commonwealth claims that the trial court committed an error of law.

Pa.R.A.P. 311(a)(6).

This Court has repeatedly held that a new trial following the declaration of a mistrial upon a hung jury is **not** immediately appealable under Rule 311(a)(6). As we explained,

> By limiting the scope of the rule to those orders "**awarding** a new trial," the plain language draws a distinction between (1) orders that grant a request for a new trial and (2) new trials that follow from the declaration of a mistrial. . . . (emphasis added). In ***Johnson v. Frazier***, 787 A.2d 433, 435 (Pa.Super. 2001), we explained this distinction in greater detail as follows.
>
>> There is a marked difference between a court's granting a motion for a new trial and declaring a mistrial; the former contemplates that a case has been tried, a judgment rendered, and on motion therefor, said judgment set aside and a new trial granted, while the latter results where, before a trial is completed and judgment rendered, the trial court concludes that there is some error or irregularity that prevents a proper judgment being rendered in which event a mistrial may be declared.

- 3 -

> After a mistrial due to a deadlocked jury, a new trial follows as of course. Conversely, when a court awards a new trial, that trial occurs only because the court issued an order granting it. Importantly, while an award of a new trial is immediately appealable under Pa.R.A.P. 311(a)(6), a mistrial and any new trial arising therefrom is not.

*Kronstain v. Miller*, 19 A.3d 1119, 1124 (Pa.Super. 2011) (some internal citations and quotation marks omitted).

In *MacPherson*, *supra*, this Court rejected Rule 311(a)(6) as a basis for jurisdiction in a case procedurally similar to the case *sub judice*. In *MacPherson*, the defendant invoked the Rule as the basis of jurisdiction for his appeal from the denial of his application for discharge which he filed after his first trial resulted in a hung jury and a new trial was scheduled. We rejected the defendant's "argument that the grant of a mistrial due to a deadlocked jury is the equivalent of an award of a new trial." *McPherson*, *supra* at 1062. Consistent with the law quoted above, we indicated that "[w]hen a mistrial is declared due to a deadlocked jury, no award of a new trial is necessary as retrial follows as of course." *Id*. Therefore, Rule 311(a)(6) was not implicated and we quashed the appeal.

Applying the above precedent, we hold that Appellant's appeal from the denial of his motion for judgment of acquittal must be quashed as interlocutory.

Appeal quashed.

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/12/2019</u>