J-S28011-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                          :           PENNSYLVANIA
                                          :
              v.                              :
                                          :
CLARENCE HENRY HART                    :
                                          :
             Appellant                   :     No. 529 EDA 2024

Appeal from the PCRA Order Entered January 29, 2024
In the Court of Common Pleas of Lehigh County
Criminal Division at No: CP-39-CR-0001737-2009

BEFORE: STABILE, J., MURRAY, J., and LANE, J.

MEMORANDUM BY STABILE, J.:            **FILED DECEMBER 2, 2024**

Appellant, Clarence Hart, appeals *pro se* from the order entered in the Court of Common Pleas of Lehigh County on January 29, 2024, dismissing as untimely his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

We previously summarized the factual and procedural background as follows.

> In 2010, a jury convicted Appellant of various crimes related to his 2008 attack and robbery of an 83-year-old woman. On July 6, 2010, the court sentenced Appellant to an aggregate term of 31 to 62 years of imprisonment, observing that Appellant's criminal history included nineteen prior convictions. In August 2011, the Superior Court denied relief on his direct appeal. [**See Commonwealth v. Hart**, No. 2419 EDA 2010 (Pa. Super. filed August 9, 2011).] After the Pennsylvania Supreme Court denied review on February 9, 2012, [**see Commonwealth v. Hart**, 38 A.3d 823 (Pa. 2012),] Appellant's appeal became final on May 9, 2012, as he did not seek review in the United States Supreme Court.

In February 2013, Appellant filed *pro se* his first PCRA petition, raising approximately 40 issues, and the PCRA court appointed counsel [Kimberly F. Makoul, Esq.]. Relevant to his current claims, PCRA counsel filed a **Turner**/**Finley**[1] letter, asserting that Appellant's claims lacked merit, and sought leave to withdraw. On May 16, 2013, the court held a hearing on counsel's motion at which Appellant asserted that PCRA counsel's **Turner**/**Finley** letter failed to address two of his 40 claims and alleged that appointed PCRA counsel previously represented him in the 1990's but had withdrawn due to irreconcilable differences. At the conclusion of the hearing, the PCRA court granted counsel leave to withdraw and provided Appellant time to prepare to represent himself. The PCRA court subsequently denied Appellant's requests for the appointment of new counsel. Following several hearings at which Appellant represented himself, the PCRA court denied relief in 2015, which this Court affirmed in 2016. [**See Commonwealth v. Hart**, 871 EDA 2015, 2016 WL 2844364 (Pa. Super. filed May 13, 2016).]

**Commonwealth v. Hart**, 1224 EDA 2022, 2023 WL 2441746 at *1 (Pa. Super. filed March 10, 2023) (footnotes omitted)[2] (allocatur denied on September 19, 2023, **see Commonwealth v. Hart**, 304 A.3d 708 (Pa. 2023)).

On February 17, 2022, Appellant filed *pro se* [a] "Petition for Habeas Corpus Relief," claiming that his first PCRA proceedings,

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

[2] Appellant's first PCRA petition included claims of ineffective assistance pertaining to PCRA counsel. We concluded that Appellant waived said claims as he attempted to raise them for the first time on appeal. Additionally, we noted that Appellant did not object to PCRA counsel's performance in response to counsel's **Turner**/**Finley** letter or the PCRA court's notice of intent to dismiss. **See Hart**, 871 EDA 2015, at *4.

from 2013 to 2015, violated his right to due process.[3] On March 15, 2022, the PCRA court issued a Notice of Intention to Dismiss pursuant to Pa.R.Crim.P. 907(1). Treating the filing as a PCRA petition, the court opined that it did not have jurisdiction to review Appellant's untimely PCRA petition because he had not filed it within one year of his judgment becoming final, as required by 42 Pa.C.S. § 9545(b)(1), nor had he pled and proven a timeliness exception. . . . On April 11, 2022, the PCRA court dismissed the petition as untimely. [On appeal, we affirmed the dismissal of Appellant's second PCRA petition].

*Id.*

On October 6, 2023, Appellant filed the instant PCRA petition, his third, raising, again, issues pertaining to Attorney Makoul's appointment and performance. The PCRA court dismissed it as untimely on January 29, 2024. This appeal followed.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely,

_____

[3] In his second PCRA petition, Appellant challenged PCRA counsel's representation of him in 2013 and the propriety of her *Turner*/*Finley* letter. We did not reach the merits of said claims because Appellant had failed to plead and prove that his second PCRA petition was timely. *See Hart*, 1224 EDA 2022, at *3.

- 3 -

neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008). "[I]t is the burden of a petitioner to plead in the PCRA petition exceptions to the time bar and that burden necessarily entails an acknowledgement by the petitioner that the PCRA petition under review is untimely but that one or more of the exceptions apply." *Commonwealth v. Wharton*, 886 A.2d 1120, 1126 (Pa. 2005) (citations omitted). "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." *Commonwealth v. Perrin*, 947 A.2d 1284, 1285 (Pa. Super. 2008).

In the underlying PCRA petition, Appellant raises several substantive issues.[4] In addition, for purposes of timeliness, Appellant briefly mentions

_____

[4] Mostly claims of ineffective assistance of counsel.

- 4 -

that the instant petition meets the requirements of the governmental interference and/or newly discovered facts exceptions.[5]  We disagree.

To demonstrate the governmental interference exception, the petition must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence.  **See**, **e.g.**, **Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1268 (Pa. 2008).

Here, Appellant is challenging the appointment of Attorney Makoul to assist Appellant in connection with his first PCRA petition.  In Appellant's view, since Attorney Makoul was permitted to withdraw as Appellant's counsel in 1995, in an unrelated criminal matter, the appointment on Attorney Makoul in 2013 was an error and counsel's failure to disclose to the PCRA court the 1995 withdrawal of representation constituted fraud, which eventually resulted in the delay in presenting the underlying petition.  Appellant's PCRA petition, 10/6/23, at 4.   The claim is meritless.

Regardless of the baseless allegation that withdrawal as counsel from a previous criminal matter qualifies as governmental interference, Appellant nowhere explains why this very same claim could not have been raised earlier.

_____

[5] It is uncontested that the underlying PCRA petition is facially untimely.  For purposes of the PCRA, Appellant's judgment of sentence became final on May 9, 2012, *i.e.*, ninety days after our Supreme Court denied review on February 9, 2012. Appellant had one year, *i.e.*, May 9, 2013, to file a timely PCRA petition.   The underlying petition, which was filed on October 6, 2023, is, therefore, facially untimely.

- 5 -

Indeed, Appellant has been aware of Attorney Makoul's appointment since 2013; yet he raises the claim only in 2023. Appellant provides no explanation for this delay. Additionally, Appellant fails to explain how Attorney Makoul prevented him from presenting the instant claim in a timely fashion. Because Appellant failed to prove he meet the requirements of the governmental interference exception,[6] we agree with PCRA court's assessment that the underlying PCRA petition is untimely.

In his brief before us, Appellant seems to abandon the governmental interference/newly-discovered facts exceptions arguments.[7] Instead, Appellant argues that failure to grant him relief on the alleged irregularities pertaining to the appointment of Attorney Makoul constitutes a violation of his constitutional rights. Specifically, according to Appellant, he is entitled to the same relief we granted in **Commonwealth v Jiles**, 2015 WL 6694875 (Pa. Super. filed August 17, 2015) (unpublished memorandum), and that failure to do so results in a denial of "his constitutional rights to fundamental fairness, dues process, and equal protection of the law." Appellant's Brief at 6.

_____

[6] In the underlying PCRA petition, Appellant also claims that the newly-discovered fact exception would be applicable here. However, Appellant offers nothing beyond the mere statement that the exception is applicable here.

[7] Indeed, Appellant acknowledges that the underlying petition is untimely, unless entertained on "the interest of justice" basis (citing **Commonwealth v. Tyson**, 635 A.2d 623 (Pa. 1995). **Tyson** "**did not** provide precedent for this Court to overlook the jurisdictional time-bar set forth in Section 9545(b)(1) in the interest of justice." **Commonwealth v. Hernandez**, 2024 WL 4197961, *4 (Pa. Super. filed September 16, 2024) (emphasis in original).

There are several problems with Appellant's argument. First, **Jiles** is an unpublished memorandum, which cannot be considered as precedent or cited for any purposes (except for grounds not applicable here). **See Commonwealth v. McPherson**, 533 A.2d 1060, 1062 n.4 (Pa. Super. 1987).[8]

Second, and most importantly, the instant matter is distinguishable from **Jiles**. In **Jiles**, we remanded to the PCRA court for the appointment of new counsel because Jiles effectively was denied his right to representation by counsel in his first PCRA petition and the proper procedure was not followed in determining whether Appellant waived his right to counsel.

Here, Appellant is not litigating his first timely PCRA petition. Rather, on his third attempt, and in a facially untimely petition, Appellant is trying to relitigate claims that were previously raised and disposed of in previous PCRA proceedings. Furthermore, Appellant equates his disagreement with Attorney Makoul's conclusions in her **Turner**/**Finley** no-merit letter with ineffective assistance of counsel. Unsurprisingly, Appellant provides no authority supporting his position. Finally, as noted above, Appellant had the opportunity to challenge PCRA counsel's effectiveness or the propriety/adequacy of the

---

[8] We note, however, that, pursuant to Pa.R.A.P. 126(b), unpublished non-precedential decisions of the Superior Court filed *after May 1, 2019*, may be cited for their persuasive value. Thus, **Jiles**, an unpublished memorandum decided in 2015, cannot be cited or relied upon.

***Turner*/*Finley*** no merit letter in a timely manner but failed to do so. ***Jiles***, therefore, is of no help to Appellant.

Because the issues before us were not raised in the context of a timely PCRA petition, Appellant is entitled to no relief on the underlying petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/2/2024